**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUCINDA MORGAN, *pro se*, | ) | CASE NO. 4:19-cv-02826 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| ANDREW SAUL, | ) | |
| *Comm'r of Soc. Sec.*, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

On December 5, 2019, Plaintiff Lucinda Morgan (hereinafter Plaintiff), *pro se*, filed a complaint challenging the final decision of Defendant Andrew Saul, Commissioner of Social Security (hereinafter Commissioner), denying her applications for a Period of Disability (POD), Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. (R. 1). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). On March 13, 2020, the Commissioner filed a motion to dismiss the complaint as untimely. (R. 10). On May 12, 2020, the Commissioner gave notice that he resent a copy of the motion to dismiss to Plaintiff. (R. 12). To date, Plaintiff has not filed a response to the motion to dismiss. This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and

Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Motion to Dismiss (R. 10) be GRANTED.

## I. Procedural History

On October 9, 2018, an administrative law judge (ALJ) issued a decision denying Plaintiff's claim for POD, DIB and SSI. (R. 10-3, PageID# 69-80). Plaintiff requested review of this decision. On September 5, 2019, the Appeals Council (AC) denied Plaintiff's request for review. (R. 10-3, PageID# 87-89). Pursuant to the Declaration of Dexter Potts, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the Social Security Administration, the AC, on September 5, 2019, "sent, by mail addressed to the plaintiff at 824 Lyden Ave., Youngstown, OH, 44505,[1] notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt." (R. 10-3, PageID# 64, 88).

## II. Analysis

The Commissioner asserts that Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), authorize judicial review in cases arising under Titles II and XVI of the Social Security Act, and that those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. (R. 10-2, PageID# 59, citing 42 U.S.C. § 1383).

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not

---

[1] Pursuant to the court's docket the address on Lyden Avenue remains valid, as it is the address provided by Plaintiff in her complaint. (R. 1, PageID# 2). Notably, no documents mailed to this address have been returned to the court as undeliverable.

2

>reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Thereafter, Section 205(h) clarifies that:

>The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Accordingly, section 205(g) of the Act is the exclusive jurisdictional basis for judicial review in cases arising under the Act. The 60-day statute of limitations provided by Congress in section 205(g) serves to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Supreme Court agreed that the 60-day statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Id*. at 479.

The Commissioner avers the complaint is untimely, noting that the Commissioner has construed "mailing" as the date an individual receives notice of the AC's denial of request for review. (R. 10-2, PageID# 59, *citing* 20 C.F.R. §§ 416.1401, 422.210(c)). Further, the Commissioner argues, that the date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the AC. (R. 10-2, PageID# 60).

Defendant maintains that the AC sent notice of its decision to deny Plaintiff's request for review on September 5, 2019; and therefore, the last day to institute a civil action was on Tuesday, November 12, 2019, which was sixty-five (65) days after the AC's notice.[2] *Id*. Thus,

---

[2] The Commissioner's calculation includes an additional three days for the weekend and Veteran's Day federal holiday on November 11, 2019. (R. 10-2, PageID# 60).

3

the complaint—filed on December 5, 2019 (R. 1)—was filed more than two weeks late. In this matter, Plaintiff, by remaining silent and not responding to the Motion to Dismiss, has not rebutted the presumption of receipt with a reasonable showing to the contrary. *See Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 436-437 (6th Cir, 2007) (finding sixty days expired where the plaintiff failed to rebut the presumption that the notice arrived within five days of its issuance).

Consequently, the court concludes that the complaint was untimely filed.[3]

### III. Conclusion

For the foregoing reasons, it is recommended that the Commissioner's Motion to Dismiss (R. 10) be GRANTED.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: July 8, 2020

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[3] A social security claimant may be entitled to equitable tolling of the limitations period. *Zayid v. Comm'r of Soc., Sec. Admin.*, No. 1:19CV732, 2019 WL 7944353, at *3 (N.D. Ohio Nov. 26, 2019), *report and recommendation adopted sub nom. Zayid v. Comm'r of Soc. Sec.*, 2019 WL 6974601 (N.D. Ohio Dec. 20, 2019)). Plaintiff, however, has made no argument to support a finding of equitably tolling. The court has no basis for a *sua sponte* finding that tolling is appropriate.