UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINDA MORGAN, | ) | CASE NO. 4:19-cv-2826 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANDREW SAUL, COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of plaintiff (Doc. No. 14 ["Obj."]), Lucinda Morgan ("Morgan") to the report and recommendation of Magistrate Judge David A. Ruiz (Doc. No. 14. ["R&R"]) to grant the Commissioner of Social Security's ("Commissioner") motion to dismiss Morgan's complaint as untimely.

I.   **BACKGROUND**

On October 9, 2018, an administrative law judge ("ALJ") issued a decision denying Morgan's application for a period of disability ("POD"), disability insurance benefit ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. (Doc. No. 10-3 at 80.[1]) Morgan appealed the decision to the Appeals Council. (*See id.* at 87–89.) In a notice dated September 5, 2019, the Appeals Council denied Morgan's request to review the ALJ's decision, thus making the ALJ's determination the final decision of the Commissioner. (*Id.* at 87.)

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

Under the applicable statute and regulation, plaintiff had sixty (60) days from her receipt of the Appeals Council's notice to file a civil action in this Court. The date of receipt is presumed to be five days after the notice's date, unless a reasonable showing to the contrary is made to the Appeals Council. 20 C.F.R. §§ 416.1401, 422.210(c). Here, the Appeals Council sent notice of its decision to deny Morgan's request for review on September 5, 2019. (Doc. No. 10-3 at 91.) Therefore, the last day to institute a civil action in this Court was on Tuesday, November 12, 2019, which was sixty-five (65) days after the Appeals Council's notice.[2] There is no indication that Morgan attempted to rebut the presumption of receipt by presenting a "reasonable showing" to the Appeals Council. Instead, Morgan simply filed her complaint seeking judicial review of the Commissioner's final decision on December 5, 2019—more than two weeks late. (*See* Doc. No. 1.)

Under the Local Rules for the Northern District of Ohio, the case was automatically referred to a magistrate judge for the preparation of an R&R. On March 13, 2020, the Commissioner moved to dismiss Morgan's complaint as untimely. (Doc. No. 10.) Morgan did not file a response in opposition to the motion to dismiss. On July 8, 2020, Magistrate Judge Ruiz filed his R&R concluding that Morgan's complaint was untimely filed and recommended that this Court grant the Commissioner's motion to dismiss. (Doc. No. 13 at 98.) Morgan has filed objections to the R&R acknowledging that the complaint was filed "two weeks past the deadline to file the action" but asserts that the deficiency was a result of her *pro se* status and "was in no way intentional." (Obj. at 99.)

---

[2] The Commissioner includes an additional three days to include the weekend and Veteran's Day holiday on November 11, 2019. (*See* Doc. No. 10-2 at 60.)

## II.     STANDARD OF REVIEW

Under § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Powell v. United States*, 37 F.3d 1499, (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings … believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72 (b)(3).

**III.     ANALYSIS**

As an initial matter, Morgan's "objections" are not proper. She does not cite to any specific error in the R&R—and in fact, she does not even dispute that her complaint was untimely—she simply asks this Court to look past her procedural deficiency, claiming that "the action [was filed] pro se and [the delay] was in no way intentional." (Obj. at 99.) Even assuming that's true, and the Court has no reason to doubt that it is, "[p]ro se parties must follow the same rules of procedure that govern other litigants." *August v. Caruso*, No. 12-cv-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) (citations omitted). Procedures related to timing are of particular importance because the 60-day statute of limitation "embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of N.Y.*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). And unless equitable tolling applies, the 60-day statute of limitations "must be strictly construed." *Id.* at 479.

A claimant may be entitled to equitable tolling of the statute of limitations under certain conditions. In determining whether equitable tolling applies, courts look at five factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

As the magistrate judge pointed out, Morgan has made no argument to support a finding of equitable tolling. (R&R at 98 n.3.) And after applying the five equitable tolling factors to the facts of this case, the Court finds that Morgan is not entitled to equitable tolling.

With regard to the first and second factors, Morgan cannot argue that she lacked notice of the filing requirement because the Appeals Council's notice specifically informed her of the requirement. (*See* Doc. No. 10-3 at 88–89.) As for diligence, there is no evidence that Morgan requested an extension from the Appeals Council prior to filing her complaint in this Court. Allowing Morgan to file her complaint late would prejudice the Commissioner because "there are millions of applicants for Social Security benefits each year, and the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437 Finally, to the extent Morgan was ignorant of the legal requirement for filing her claim, the ignorance seems solely attributable to her status as a *pro se* litigant. In that regard, she is no differently situated than thousands of other social security applicants. As such, none of the factors weight in Morgan's favor and she is not entitled to equitable tolling. Because Morgan's complaint was untimely filed, and equitable tolling does not apply, her case must be dismissed.

## IV.    CONCLUSION

For the reasons stated herein, the Court adopts the magistrate judge's report and recommendation, the Commissioner's motion to dismiss (Doc. No. 10) is granted, and this case is closed.

**IT IS SO ORDERED**.

Dated: September 3, 2020

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**