**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUCINDA MORGAN, | ) | CASE NO. 4:19-cv-2826 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion (Doc. No. 19) of pro se plaintiff Lucinda Morgan ("Morgan") seeking reconsideration of the Court's decision granting the motion of the Commissioner of Social Security ("Commissioner") to dismiss this action (Doc. Nos. 17, 18.)

For the reasons that follow, the Court adheres to its decision.

**I.     BACKGROUND**

Morgan applied for a period of disability, disability insurance benefits, and supplemental security income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. Her application was denied by an administrative law judge ("ALJ") and Morgan appealed that decision to the Appeals Council. In a notice dated September 5, 2019, the Appeals Council denied Morgan's request to review the ALJ's decision denying benefits, thus making the ALJ's determination the final decision of the Commissioner. (*See* Doc. No. 17 at 1.[1]) Proceeding pro se,

---

[1] Page number references are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.

Morgan filed this action on December 5, 2019, challenging the Commissioner's denial of her application for benefits.

The Commissioner moved to dismiss Morgan's complaint as untimely filed. (Doc. No. 10.) Morgan did not oppose or otherwise respond to the Commissioner's motion to dismiss.

The notice from the Appeals Council notifying Morgan that her application was denied was dated September 5, 2019. The date of receipt is presumed to be five (5) days from the date of the notice absent a reasonable showing to the contrary. 20 C.F.R. §§ 416.1401, 422.210(c). Under the applicable statute and regulations, Morgan had sixty (60) days from receipt of the Appeals Council's notice to file a civil action challenging the denial of benefits by the Commissioner. Therefore, her last day to file a civil action was November 12, 2019, which included three additional days to allow for the weekend and Veteran's Day holiday on November 11, 2019. This action was filed December 5, 2019. (*See* Doc. No. 17 at 2.)

The assigned magistrate judge issued a report and recommendation ("R&R") recommending that the Commissioner's motion to dismiss the complaint as untimely be granted. (Doc. No. 13.) Morgan objected to the R&R, acknowledging that the complaint was filed past the deadline but attributing the delay to her pro se status. (*See* Doc. Nos. 14, 15.)

The Court overruled Morgan's objection and granted the Commissioner's motion to dismiss. (Doc. No. 17.) In seeking reconsideration, Morgan contends that she did not receive the notice from the Appeals Council denying her application until October 9, 2019. (Doc. No. 19.) Morgan believes that "her case has been overlooked and or ignored due to an error of time discrepancy[]" and then proceeds to argue the merits of her disability claims, maintaining that her "rights as a mentally disabled individual have been violated[]" and "the ALJ handled my case poorly." (Doc. No. 19 at 1–3.)

2

**II.     DISCUSSION**

The Court construes Morgan's motion for reconsideration under Fed. R. Civ. P. 59(e). *See Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 911 (N.D. Ohio 2004) ("A motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e) calls upon the Court to reconsider its decision after the entry of final judgment.") (citation omitted). "Only three situations justify altering or amending a judgment under Rule 59(e): 1) newly discovered evidence; 2) intervening change in controlling law; or 3) need to correct clear legal error to prevent manifest injustice." *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (citing *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)).

Morgan's motion satisfies none of the three situations that justify altering or amending the Court's judgment granting the Commissioner's motion to dismiss. In her motion, Morgan identifies no intervening change in controlling law or a legal error regarding the timeliness of her civil challenge to the Commissioner's denial of benefits.

Nor does she identify newly discovered evidence. Morgan claims that she did not receive the notice from the Appeals Council until October 9, 2019. But even assuming that Morgan did not receive the notice until October 9, 2019, this information is not new evidence. Morgan states: "[T]he plaintiff would like to point out once again that in the original questionnaire for the civil suit the question was asked when the plaintiff received the denial letter. The plaintiff responded October the 9th day of 2019." (Doc. No. 19 at 1.)

### III. CONCLUSION

Morgan's motion for reconsideration is granted. Having reconsidered its decision in light of Morgan's motion, the Court finds no basis upon which to alter or amend its memorandum opinion and judgment adopting the R&R and granting the Commissioner's motion to dismiss.

Accordingly, the Court adheres to its Memorandum Opinion and Order (Doc. No. 17) and Judgment Entry (Doc. No. 18), and the Court's judgment in this case remains unchanged.

**IT IS SO ORDERED**.

Dated: April 28, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**